F I L E D
United States Court of Appeals
Tenth Circuit

MAY 17 2005

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LYMAN WAYNE TOMLIN, JR.,

Petitioner - Appellant,

v.

ERIC FRANKLIN, Warden,

Respondent - Appellee.

No. 04-7091
(E. D. Oklahoma)
(D.Ct. No. 03-CV-624-W)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

---

[*] This order is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Lyman W. Tomlin, an Oklahoma state prisoner appearing pro se[1], seeks a certificate of appealability (COA) in order to challenge the district court's dismissal of his 28 U.S.C. § 2254 habeas petition for failure to file within the statute of limitations. Because we do not believe jurists of reason would find debatable the district court's procedural dismissal of Tomlin's petition, *Slack v. McDaniel,* 529 U.S. 473, 478 (2000), we deny his application for a COA and dismiss the appeal.

On October 4, 1989, Tomlin was convicted in the District Court of Pontotoc County, Oklahoma, of Murder in the Second Degree.[2] He was sentenced to sixty years imprisonment. Tomlin appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals (OCCA), which affirmed. *See Tomlin v. State*, No. F-90-473 (Okla. Crim. App. October 22, 1993)(not for publication). Almost ten years later, on March 18, 2003, Tomlin filed a pro se application for post-conviction relief with the state trial court claiming ineffective assistance of trial and appellate counsel. That application was denied on April 18, 2003. Tomlin appealed to the OCCA, which affirmed . *See Tomlin v. State,* No. PC-

---

[1]We liberally construe pro se pleadings. *Ledbetter v. City of Topeka, Kan.* 318 F.3d 1183, 1187 (10th Cir. 2003).

[2]OKLA. STAT. tit. 21 § 701.8 defines murder in the second degree, in relevant part, as a homicide "perpetrated by an act imminently dangerous to another person and evincing a depraved mind, regardless of human life, although without any premeditated design to effect the death of any particular individual . . . ."

2003-524 (Okla. Crim. App. August 7, 2003).

On November 12, 2003, Tomlin filed his federal habeas petition. Respondent moved to dismiss the petition as untimely pursuant to 28 U.S.C. § 2244(d), which establishes a one-year period of limitations for habeas petitions.[3] The district court granted respondent's motion, concluding that the one-year limitations period for Tomlin to file a federal habeas petition expired on April 24, 1997. The district court identified no evidence in the record tending to prove Tomlin was actually innocent, found Tomlin failed to demonstrate due diligence in pursuing his federal habeas claims and found that no extraordinary circumstances existed over which Tomlin had no control; therefore, equitable tolling of the limitations period was not warranted. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

---

[3]28 U.S.C. § 2244(d)(1) provides a one-year statute of limitations running

"from the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Tomlin does not contest that his conviction occurred prior to the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) and he did not appeal his conviction to the Supreme Court. Therefore, statutorily, he was required to file his habeas petition by April 24, 1997 - within one year after AEDPA went into effect. *See United States v. Hurst*, 322 F.3d 1256, 1261 n. 4 (10th Cir. 2003). However, Tomlin insists he is entitled to equitable tolling because he is actually innocent. (Appellant Br. at 2.)

Section 2244(d)(1) is not jurisdictional and as a limitation may be subject to equitable tolling. *Miller*, 141 F.3d at 978. We have previously stated

> AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances. Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient. Moreover, a petitioner must diligently pursue his federal habeas claims[.]

-4-

*Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks and citations omitted).  *Accord Miller,* 141 F.3d at 978.  Tomlin admits he shot and killed his estranged wife and that his defense of insanity was presented to and rejected by the jury.  Nonetheless, he maintains equitable tolling should apply in his case, apparently because his petition for habeas is based, in part, on ineffective assistance of counsel in presenting his insanity defense.  Thus, if his petition is successful, he could be deemed innocent.

We agree with the district court that "apart from his unsupported allegations, there is no evidence in the record to suggest petitioner is actually innocent of the charges of which he stands convicted. . . ." (R. Vol. I, District Court Order at 3.)  Nor does the record on appeal establish other circumstances that are so extraordinary as to justify equitable tolling. Thus, we conclude that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.

Tomlin's application for a COA is DENIED and the appeal is DISMISSED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge