**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MALCOLM PINK,

Petitioner-Appellant,

v.

DAVID R. McKUNE; ATTORNEY
GENERAL OF KANSAS,

Respondents-Appellees.

No. 05-3033

(D. of Kan.)

(D.C. No. 04-CV-3252-SAC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY** *

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. **

Defendant-Appellant Malcolm Pink, a state prisoner appearing pro se, filed a petition for writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2254. The district court denied Pink's writ of habeas corpus as time barred and also denied him a certificate of appealability ("COA"). Because Pink has not

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

made a substantial showing of a denial of a constitutional right, 28 U.S.C. § 2253(c)(2), we deny COA and dismiss the appeal.

**I. Background**

In 1998, Pink was convicted of three counts of first degree murder in the district court of Sedgwick County, Kansas. He was sentenced to three concurrent terms of life imprisonment. His convictions were affirmed by the Kansas Supreme Court on March 9, 2001. Ninety days later, on June 7, 2001, the time for filing a petition for certiorari in the United States Supreme Court expired and Pink's conviction became final. *See* Sup. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

For purposes of habeas review, the one-year statute of limitations began to run at the time Pink's convictions became "final." *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"). *See also* Federal Rule of Civil Procedure 6(a) ("In computing any period of time prescribed or allowed . . . by any applicable statute, the day of the

act . . . from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included[.]); *United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003) (applying the principles of Rule 6(a) to AEDPA's statute of limitations).

On March 19, 2002, 285 days into AEDPA's one-year statute of limitations, Pink filed a state post-conviction petition under K.S.A. § 60-1507. This action tolled the one-year limitation. However, after the state district court denied his motion and the Kansas Court of Appeals affirmed that judgment, Pink failed to file a timely appeal with the Kansas Supreme Court. The one-year limitation therefore resumed running following the last day Pink could have filed such an appeal, or February 8, 2004. *See Gibson v. Klinger,* 232 F.3d 799, 804 (10th Cir. 2000) ("the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."). At this point Pink had 80 days remaining in the limitations period, which expired on April 28, 2004. It was not until July 29, 2004, that Pink appealed to the Kansas Supreme Court, which denied his claims despite his attorney's motion to file out of time. On August 10, 2004, approximately three months after the expiration of the one-year limitation, Pink submitted this petition to the United States District Court for the District of Kansas.

**II. Legal Issues**

This court may grant a COA and entertain Pink's appeal only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A COA should issue if the petitioner "shows that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of the constitutional right *and* that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. We deny Pink a COA.

### A. Statute of Limitations

Pink first argues the limitations period should have been tolled for 90 days from the date his convictions were affirmed on direct appeal by the Kansas Supreme Court (in other words, the time in which he could have filed an appeal to the United States Supreme Court). We agree, and as the district court explained, the statute of limitations was indeed tolled during the period in which Pink could have filed a petition of certiorari with the United States Supreme Court, following the Kansas Supreme Court's affirmation of his conviction on direct review. Pink's first claim thus has no merit.

The next issue is whether the limitations period should have been tolled until Pink's motions to file out of time were denied by the Kansas Supreme Court. This court has held that a state appellate court's decision to grant a petitioner

-4-

leave to appeal out of time from the denial of post-conviction relief does not toll the limitations period from the expiration of the time to appeal to the filing of a motion for leave to file a late appeal. *Gibson*, 232 F.3d at 804. The same would be true here, because in neither *Gibson* nor this case would a "properly filed application" be pending. Furthermore, the Supreme Court also recently held that "a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1812 (2005). Accordingly, we agree with the district court that a state court's denial of a motion for leave to file an appeal out of time does not toll the time period during which no appeal was pending. Thus, the limitations period in this case resumed running after Pink's time to appeal the Kansas Court of Appeals's decision lapsed and continued to run until it expired.

## B. Equitable Tolling

Although Pink did not specifically raise the issue, the district court also considered the possibility that the statute of limitations should be equitably tolled in this case. We have explained that such tolling is warranted only in "rare and exceptional circumstances." *Gibson*, 232 F.3d at 808. We have previously held that "this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary

circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Simple "excusable neglect" is not sufficient. *Gibson*, 232 F.3d at 808.

In this appeal, Pink claims his appellate public defender failed to file a timely appeal of the Kansas Court of Appeals's denial of his post-conviction petition under K.S.A. § 60-1507. As discussed above, the last day Pink's attorney could have made such a filing in the Kansas Supreme Court was February 8, 2004. Pink alleges that prior to this date, the attorney informed him she would file an appeal but did not respond to his repeated attempts to discuss the appeal. In a motion to file out of time with the Kansas Supreme Court, Pink's appellate attorney stated that "due to a calendaring error by clerical staff, appellant's counsel inadvertently failed to file the petition for review in a timely manner."

This claim fails to meet our requirement for equitable tolling. First, the Supreme Court has clearly held "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Second, this circuit has clearly held that a petitioner's misunderstanding of the applicable time lines does not excuse a delay for purposes of equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (petitioner's lack of awareness of limitation period was insufficient basis for equitable tolling).

Third, other circuits have held and we agree that attorney error is generally not a basis for equitable tolling. *See, e.g., Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling") (internal citations omitted); *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) ("a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding") (internal citations omitted); *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [with respect to equitable tolling]").

Finally, as a general matter, attorney error during § 2254 habeas proceedings is not itself grounds for equitable relief. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

In sum, while we sympathize with Pink's plight, the case law of this circuit and others show that his attorney's neglect does not rise to the level of "extraordinary" circumstances.

Pink's final claim is that his "actual innocence" warrants tolling in this case. We agree with the district court that this allegation has no evidentiary basis.

Accordingly, we DENY COA and DISMISS the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge