**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 26, 2006**

**TENTH CIRCUIT**

RODNEY JEROME BURTON,

       Petitioner–Appellant,

v.

JUSTIN JONES, Director,

       Respondent–Appellee.

No. 06-6237

(D.C. No. 06-CV-267-LRW)

(W. D. Okla.)

**ORDER**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining Petitioner's brief and the record on appeal, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner, a state inmate appearing pro se, seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. In his petition, Petitioner sought to challenge his Oklahoma state conviction for trafficking in illegal drugs. The petition was denied as untimely,

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

and the district court declined to issue a certificate of appealability in the matter.

Petitioner argues that the magistrate judge and the district court incorrectly calculated the limitations period. First, he argues that, for tolling purposes, the ninety-day period for filing a petition for writ of certiorari should be calculated from the date on which the Oklahoma Court of Criminal Appeals ("OCCA") issued its mandate, rather than the date on which the OCCA affirmed his conviction. The Supreme Court's rules clearly provide, however, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Rule 13.3, Rules of the Supreme Court of the United States.

Next, Petitioner argues that, because the OCCA allowed him to appeal out of time, the limitations period should be tolled for the entire period between his initial filing for post-conviction relief and the state appellate court's final denial, including the period between the expiration of his time to appeal and his request for leave to appeal out of time. We rejected this tolling argument in *Gibson v. Klinger*, 232 F.3d 799 (10th Cir. 2000).

Finally, Petitioner argues that the limitations period should be equitably tolled because of counsel's failure to forward him a letter advising him of the OCCA's decision to deny his post-conviction appeal. However, we note that "attorney error is generally not a basis for equitable tolling." *Pink v. McKune*,

-2-

146 Fed. App'x 264, 267 (10th Cir. 2005) (unpublished).

To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Because his petition was rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

After carefully reviewing Petitioner's filings, the magistrate judge's Report and Recommendation, the district court's ruling, and the record on appeal, we are not persuaded that jurists of reason would find debatable or incorrect the district court's dismissal of the petition as untimely. We therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. We do, however, **GRANT** Petitioner's motion to proceed in forma pauperis.

Entered for the Court

Monroe G. McKay
Circuit Judge