**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 12, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PERRY BRUCE, SR.,

      Petitioner-Appellant,

v.

ROBERT LAMPERT; WYOMING
ATTORNEY GENERAL,

      Respondents-Appellees.

No. 20-8012
(D.C. No. 19-CV-00269-ABJ)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.[**]

Before this Court is Petitioner Perry Bruce's motion for a certificate of appealability (COA). 28 U.S.C. § 2253(c). Petitioner needs a COA before he can appeal the district court's denial of his § 2254 petition for a writ of habeas corpus as outside the one-year statute of limitations. *Id.* § 2244(d)(1)(A). When a district

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted on the briefs.

court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue only when the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claims of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S 473, 484 (2000).

In July 2012, Petitioner pled guilty in Wyoming State Court to one count of first degree sexual abuse of a minor. In August 2012, the state court sentenced him to forty to fifty years in prison. Petitioner did not file his § 2254 petition until December 31, 2019. In a thorough written order, the district court ably explained why the petition fell well outside AEDPA's one year statute of limitation and was not subject to equitable tolling sufficient to extend the deadline. 28 U.S.C. § 2244(d)(1)(A). In his motion, Petitioner claims he is entitled to equitable tolling of his § 2254 claims because he is not legally trained and his appointed trial counsel was ineffective. To be entitled to equitable tolling, Petitioner must show (1) he has been pursuing his rights diligently *and* (2) some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Unfortunately, neither unfamiliarity with the legal process nor attorney error itself is a basis for equitable tolling. *Murrell v. Crow*, 793 F. App'x 675, 679 (10th Cir. 2019) (unpublished); *Pink v. McKune*, 146 F. App'x 264, 267 (10th Cir. 2005)

(unpublished). While some ineffective assistance of counsel claims that are corroborated by evidence apart from a petitioner's say so may set out extraordinary circumstances that warrant tolling, this is not such a case. As the district court commented after reviewing Petitioner's allegations and the record before it: "Bruce's complaints about his [trial] counsel's performance are just that: complaints." Moreover, Petitioner does not appear to have pursued his rights diligently over the past seven or so years. Petitioner's deadline for meeting AEDPA's statute of limitations was March 8, 2014. Yet Petitioner waited over five years after his deadline to tell the federal court the same thing he had been telling the state court in numerous motions for post-conviction relief since his first motion to withdraw his guilty plea in late July 2013.

Substantially for the reasons set forth in the district court's order dismissing Petitioner's § 2254 petition, his motion for a COA is DENIED and this matter is DISMISSED. Petitioner's motion to proceed on appeal *in forma pauperis* is DENIED as moot.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge