**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN RUSSELL PENN,

Defendant-Appellant.

No. 05-5059

(E. D. Oklahoma)

(D.C. No. CIV-00-CR-98-JHP)

**ORDER**

Before **EBEL**, **MCKAY**, and **HENRY**, Circuit Judges.

John Russell Penn, proceeding pro se, seeks a certificate of appealability

("COA") to appeal the district court's decision dismissing as untimely his 28

U.S.C. § 2255 petition to vacate, modify, or set aside his sentence. For

substantially the same reasons set forth by the district court in its well-reasoned

order, we deny Mr. Penn's application for a COA and dismiss this appeal.

I.  BACKGROUND

On September 7, 2001, Mr. Penn pleaded guilty to a one-count information

charging him with knowingly stealing mail, in violation of 18 U.S.C. § 1708. On

February 12, 2002, the district court entered the judgment and sentence on the docket. The court sentenced Mr. Penn to 48 months' imprisonment and ordered him to pay $27,540.18 in restitution. The court also ordered the federal sentence to be served consecutively with a state sentence that had already been imposed. Mr. Penn did not appeal his conviction and sentence.

On May 17, 2004, Mr. Penn mailed a motion to the district court requesting permission to file a 28 U.S.C. § 2255 motion out of time. In that motion, Mr. Penn stated that the anesthesia he had received during several foot surgeries in 2000-01 had caused him to suffer memory loss and confusion. He asserted that:

> Because of this mental incapacity to understand and appreciate the issues involved in filing against certain errors in [my] case, [I] was not able to file within the prescribed "One Year" period. It was only in August of 2003, that it was brought to [my] attention about the errors that took place during [my] prosecution and that [I] was more fully comprehensive or those errors or their events had even taken place.

Rec. doc. 54, at 1-2 (Mot. to File Out of Time, filed June 7, 2004). Mr. Penn added that it was a conversation with another inmate in August 2003 that had triggered the recovery of his memory: when the inmate "asked him why he gave up his right to a Fast and Speedy Trial . . . [,] [t]his question jogged his memory" and led him to recall the relevant facts. In a 28 U.S.C. § 2255 motion attached to the Motion to File Out of Time, Mr. Penn asserted that: (1) his guilty plea was not knowing and voluntary; (2) the district court had denied his rights under the

Speedy Trial Act; and (3) he received ineffective assistance of counsel.

The district court denied the Motion to File Out of Time.

## II.  DISCUSSION

To obtain a COA, Mr. Penn must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Mr. Penn may make this showing by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).  "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail."  Id. at 338.

Here, the decision whether to grant a COA turns on the application the one-year statute of limitations for § 2255 actions, established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  Section 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the

Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

As we have noted, the district court entered the judgment and sentence on February 12, 2002. However, Mr. Penn did not submit his § 2255 motion until May 17, 2004, well more than a year after the expiration of the § 2255 one-year limitations period.[1]

---

[1] We note we calculate the limitations period somewhat differently than the district court, which stated that Mr. Penn had until February 20, 2003 to file his § 2255 petition.

We begin with Mr. Penn's conviction, which was entered on the docket on February 12, 2002. The conviction became final ten days later, on February 22, 2000, when Mr. Penn's time for appeal expired. See FED. R. APP. P. 4(b)(1)(A)(i) (stating that "[i] a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days . . . of . . . the entry of either the judgment or the order being appealed"); Rec. doc. 45 (Judgment signed and filed on February 11, 2002 but entered on the docket on February 12, 2002); FED. R. CRIM. P. 4(b)(6) (stating that "[a] judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket")

The one-year period for filing Mr. Penn's § 2255 petition began to run on February 23, 2002, the day after the time for filing his appeal expired. See United.States v. Hurst, 322 F.3d 1256, 1259-60 (10th Cir. 2003) (concluding that "the day of the act . . . from which the designated period of time begins to run

(continued...)

As Mr. Penn notes, there are certain "rare and exceptional circumstances." in which the one-year limitations period may be tolled.  See York v. Galetka, 314 F.3d 522, 527 (10th Cir. 2003).  For example, "[e]quitable tolling would be appropriate . . . when a prisoner is actually innocent" or "when an adversary's conduct–or other uncontrollable circumstances–prevents a prisoner from timely filing."  Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).  However, "[s]imple excusable neglect is not sufficient."  Id.  Moreover, equitable tolling applies only "when an inmate diligently pursues his claims."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, Mr. Penn argues that his memory loss warrants equitable tolling. Even assuming that, in rare instances of mental incapacity, the doctrine may be applied, we conclude for substantially the same reasons set forth by the district court that equitable tolling is not warranted here.  In particular, Mr. Penn has failed to offer evidence supporting his claim of memory loss.  Moreover, the

---

[1](...continued)
shall not be included'" in calculating the § 2255 limitations period) (quoting FED. R. CIV. P. 6(a)).  The one-year limitations ended "on the anniversary date of the triggering event," February 23, 2003.  Id. at 1261.  However, February 23, 2003 was a Sunday.  Thus, Mr. Penn had until February 24, 2003 to file his § 2255 action.  See Hurst, 322 F.3d at 1260 (stating that "[t]he general rule for computing time limitations in federal court  is Federal Rule of Civil Procedure 6(a)") (internal quotation marks omitted); FED. R. APP. P. 6(a) (stating that "the last day of the [limitations] period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday").

Petition to Enter Plea of Guilty, signed by Mr. Penn, states that he knew of no reason why his mental competence should be questioned at the time of the commission of the offense or at the time of the entry of his plea. See Biester v. Midwest Health. Serv., Inc., 77 F.3d 1264, 1268 (10th Cir. 1996) (finding equitable tolling inappropriate where the evidence demonstrated the plaintiff's ability to file his claim, in spite of his mental condition); Bassett v. Sterling Drug, Inc., 578 F. Supp. 1244, 1248 (S.D. Ohio 1984) (stating that equitable tolling for mental incapacity should be limited to "the objective standard of adjudication or institutionalization . . . [to] protect[ ] defendants against specious allegations of mental incompetence advanced in desperate efforts to save time-barred claims").

### III. CONCLUSION

Accordingly, we DENY Mr. Penn's application for a COA and DISMISS this appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge

-6-