**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ERNIE JOE FIELDS,

      Petitioner,

v.

RON WARD, Director, Oklahoma
Department of Corrections,

      Respondent.

No. 05-5054
(D.C. No. 04-CV-0454-CVE-FHM)
(N.D. Okla.)

---

**ORDER DENYING A CERTIFICATE
OF APPEALABILITY**

---

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

---

Ernie Joe Fields, a state prisoner proceeding pro se, requests a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254

petition. For substantially the same reasons set forth by the district court, we

**DENY** a COA and **DISMISS**.

In 1992, Fields pleaded nolo contendere to charges of kidnapping, rape,

feloniously pointing a firearm, and oral sodomy in Oklahoma state court. He was

sentenced to three ten-year sentences and one twelve-year sentence. All of these

sentences were suspended with supervision. His conviction was affirmed on

appeal, with a final order denying certiorari from the Oklahoma Court of Criminal Appeals ("OCCA") issued on November 20, 1992.

In 1997, Fields pled guilty to placing bodily wastes and fluids on a government employee and sentenced to two years, suspended. In 1998, Fields violated a protective order that had been entered on behalf of a Carolina Fields, the mother of Fields' children which Fields subsequently violated.

Oklahoma filed a motion to revoke the suspended sentences for both the original and the bodily waste convictions on the grounds that he violated the terms of his probation. After a hearing, the state court revoked the suspension of all of Fields' sentences. Fields was sent to prison for a term of nine years with the sentences on all crimes – both the initial crimes and the bodily waste crime – to be served concurrently. The OCCA affirmed the revocation of the suspended sentences on January 7, 2002.

On April 2, 2002, Fields filed an application for post-conviction relief, which was denied by the state district court on May 21, 2002. His appeal was denied by the OCCA on July 31, 2002 for having been filed beyond the 30-day period permitted under state law. He filed a second application for post-conviction relief on October 7, 2002, which was denied by the state district court on November 14, 2002. He appealed and, on February 14, 2003, the OCCA rejected his appeal as improperly filed. He filed a petition for habeas corpus in

state court on November 18, 2003, which was finally denied by the OCCA on February 2, 2004.

Fields then filed his petition for federal habeas corpus in the Northern District of Oklahoma on June 3, 2004, challenging the 1992 convictions. Oklahoma moved to dismiss the petition as time-barred. In response, Fields asked to amend his petition to assert claims arising out of the revocation hearing.

The district court held that both the claims relating to the original conviction and the claims arising out of the revocation hearing were time-barred. Fields sought a COA from the district court and was denied. Failing to secure a COA from that court, Fields now seeks a COA from this court.[1]

The statute of limitations for applications for a writ of habeas corpus is set forth in 28 U.S.C. § 2244(d). It states:

---

[1] Fields' petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n. 1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Fields' to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Fields a COA, he may not appeal the district court's decision absent a grant of COA by this court.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because this law went into effect on April 24, 1996, petitioners with convictions that became final before that date had until April 24, 1997 to file their petitions. United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Fields' original conviction became final on November 20, 1992. He did not file his § 2254 habeas petition until June 3, 2004. He makes no claim that the twelve-year time delay was justified by equitable tolling. These claims are hence time-barred.

The claims arising out of the revocation hearing are similarly time-barred. The revocation hearing became final on January 7, 2002. His first petition for

post-conviction relief tolled the statute of limitations for 79 days; the amount of time between the petition and thirty days after the state district court dismissed the challenge. It was not tolled during the period the state habeas petition was reviewed by the OCCA because the petition was not "properly filed." Gibson v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000). His second petition tolled the clock for 68 days; because his appeal was again improperly filed, the clock was only tolled for the time between the date the petition was filed and thirty days after the state district court dismissed the challenge. Together, these two petitions served to push the statute of limitations back until June 3, 2003. Because his third petition for state post-conviction relief was filed after this date, it does not extend the limitations period. His habeas petition in federal court was not filed until June 3, 2004. This was clearly beyond the statute of limitations.

In response, Fields claims that the statute of limitations for the claims arising out of revocation hearing should have been equitably tolled. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Fields alleges that his access to a law library was restricted. This claim fails because he does not make a specific showing of restricted access to relevant materials or that he diligently pursued his federal claim. Miller v. Marr,

141 F.3d 976, 978 (10th Cir. 1998). He further makes conclusory allegations that his petitions for state post-conviction relief were improperly filed because of the interference with his mail by prison officials. Even if backed by facts, this argument would not succeed because his petition would have been time-barred even if his state habeas petitions had been properly filed. Fields makes other arguments for equitable tolling – his alleged innocence, the lack of help he received from a law clerk, and the state court's lack of jurisdiction – but they are not relevant factors for an equitable tolling analysis. Fields' federal habeas petition is barred by the statute of limitations.

For the reasons set forth above, Fields' request for a COA is **DENIED** and the appeal is **DISMISSED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge