**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE JAMES ALLEN,

       Petitioner – Appellant,

v.

STEVE BECK, Warden,

       Respondent – Appellee.

No. 05-5168
(D.C. No. 04-CV-638-CVE)
(N.D. Okla.)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

George James Allen, a state prisoner proceeding pro se, requests a

certificate of appealability ("COA") to appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. For substantially the same reasons set forth by the

district court, we **DENY** a COA and **DISMISS**.

Allen was convicted of two counts of sexually abusing a minor child. He

was sentenced to consecutive prison terms that totaled one hundred twenty years.

He appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), and on

December 19, 1995, his convictions were affirmed. Almost six years later, on

January 2, 2001, Allen filed an application for post-conviction relief in the

District Court of Tulsa County. Following an evidentiary hearing, the state

district court denied relief on August 22, 2003. Allen appealed, and on June 18, 2004, the OCCA affirmed the district court. Allen then filed this § 2254 application on July 12, 2004, in federal district court. Respondent Beck opposed the petition, arguing that it was time-barred. Allen argued in response that the doctrine of equitable tolling justified his delay. The district court concluded that Allen's habeas petition was time-barred and dismissed. Having failed to secure a COA from that court, Allen now seeks a COA from this court.[1]

The statute of limitations for applications for a writ of habeas corpus is set forth in 28 U.S.C. § 2244(d). It states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Allen's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Allen to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Allen a COA, he may not appeal the district court's decision absent a grant of COA by this court.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because this law went into effect on April 24, 1996, after Allen's conviction became final, Allen had until April 24, 1997 to file his petition. See United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003).

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state post-conviction relief or other collateral review is pending does not count towards the one-year statute of limitations. However, Allen did not file his state application for post-conviction relief until January 2, 2002, over five years after the statute of limitations had run.

Allen makes two arguments that equitable tolling excuses this delay. First, he asserts that his appellate counsel failed to file an application for post-conviction relief as she had promised. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v.

Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Because there is no constitutional right to counsel in collateral proceedings, see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), we have held that "lack of assistance from counsel [is] not sufficient to establish extraordinary circumstances warranting equitable tolling." Marsh, 223 F.3d at 1220. Moreover, the eight-year delay between the conclusion of Allen's direct appeal and the filing of the instant action belies any conclusion that Allen pursued his habeas claims diligently.

Allen also argues that equitable tolling should be applied because he is actually innocent. The evidence supporting his actual innocence claim consists of letters from the victims of sexual abuse recanting their trial testimony. Equitable tolling for habeas corpus relief may be available in extraordinary circumstances such as when "a constitutional violation [will] result[ ] in the conviction of one who is actually innocent or incompetent." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Claims of actual innocence, however, are subject to an exacting standard, and in most cases, are simply not cognizable through habeas petitions. As the Supreme Court explained in Herrera v. Collins, 506 U.S. 390, 400 (1993): "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding . . . . This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct

errors of fact." Because Allen does not allege that these letters were not given their due weight at his state trial as a result of a constitutional violation, but rather that their appearance after the trial merely affects the balance of the evidence, he asserts a "freestanding" actual innocence claim. See, e.g., Sellers v. Ward, 135 F.3d 1333, 1338 (10th Cir. 1998). As stated by the district court, Allen's "'newly discovered evidence' . . . is actually the claim itself, rather than the factual predicate of a independent constitutional claim." Such a freestanding claim of actual innocence is not available in this non-capital case.[2]

Allen's actual innocence claim has already been afforded an evidentiary hearing and appellate review by the state courts. Under Herrera, we are precluded from giving Allen's letters a third look. As much as these recantations give us pause, if Herrera is to be revisited, it is not for us to do so.

---

[2] The Court in Herrera did not altogether preclude freestanding claims of actual innocence, and assumed for argument's sake, "that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." Herrera, 506 U.S. at 417. Because Allen did not receive a death sentence, this exception does not apply. See Milone v. Camp, 22 F.3d 693, 700 (7th Cir. 1994); but see White v. Keane, 51 F.Supp.2d 495, 504 (S.D.N.Y.1999) (suggesting that a liberal reading of Herrera extends the exception to non-capital cases). Furthermore, Herrera indicates that a freestanding actual innocence claim is not cognizable at all in habeas when a state avenue for relief is open, such as executive clemency. See Herrera, 506 U.S. at 417. The record does not indicate that Allen has sought executive clemency.

Allen's request for a COA is **DENIED** and the appeal is **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge