**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD LEE COTHRUM,

Petitioner - Appellant,

v.

STEVE HARGETT,

Respondent - Appellee.

No. 05-5220

N. D. Oklahoma

(D.C. No. 97-CV-491-TCK)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

This is an appeal from a district-court order denying Appellant Richard Lee

Cothrum's motion to declare its prior judgment void under Fed. R. Civ. P.

60(b)(4).  We find no error and affirm.

In simplified form, the tortuous procedural history of this appeal is as

follows:  On May 21, 1997, Mr. Cothrum filed in the United States District Court

---

[*]After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

for the Northern District of Oklahoma an application for a writ of habeas corpus under 28 U.S.C. § 2254. On September 28, 1999, the court dismissed the application as untimely under the one-year limitations period imposed by 28 U.S.C. § 2244(d)(1). On November 15, 2000, Mr. Cothrum filed a motion for relief from the judgment under Fed. R. Civ. P. 60(b)(2), seeking to present new evidence that the limitations period should have been tolled. The district court construed his motion as a second or successive habeas petition and transferred it to this court for authorization under 28 U.S.C. § 2244(b). By order dated February 22, 2001, we denied authorization to file the transferred second petition. On August 19, 2005, Mr. Cothrum filed the pleading currently at issue, a motion under Fed. R. Civ. P. 60(b)(4) for relief from the district court's order transferring his Rule 60(b)(2) motion on the ground that it is void. The district court denied that motion (and Mr. Cothrum's later motion to reconsider), and he now appeals the denial of his Rule 60(b)(4) motion and the motion to reconsider. We have jurisdiction under 28 U.S.C. § 1291, and review the district court's decision on the Rule 60(b)(4) motion de novo, *see United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002).[1]

---

[1]It is an open question in this circuit whether a certificate of appealability (COA) under  28 U.S.C. § 2253(c)(2), must be issued for a habeas petitioner to appeal a district court's ruling on a Rule 60(b) motion associated with his petition for habeas corpus. *See Gonzalez v. Crosby*, 125 S. Ct. 2641, 2650 & n.7 (2005). Here, the district court did not consider whether to grant a COA, presumably because of the procedural posture of this case, and Mr. Cothrum does not appear

(continued...)

Mr. Cothrum is probably correct that we and the district court erred in the treatment of his Rule 60(b)(2) motion. At the time of those rulings, circuit precedent held that "Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions" and "the successive petition restrictions contained in the amendments to 28 U.S.C. § 2244(b) apply to Rule 60(b) proceedings," *Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998) (internal quotation marks and brackets omitted). But the Supreme Court recently took a different view. In *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005), which also involved a habeas applicant's assertion that the federal court had misapplied the statute of limitations, the Court held that

> [i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules. Petitioner's motion in the present case, which alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d), fits this description.

*Id.* at 2648. Mr. Cothrum's Rule 60(b)(2) motion likewise appears to fit that description: neither the underlying disposition of his habeas application on statute-of-limitations grounds nor the motion, which purported to present new evidence that the limitations period should have been tolled, addressed the

[1](...continued)
to seek one from us. We need not resolve this issue in this case, however, because were a COA required we would grant one to Mr. Cothrum. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating criteria for granting COA).

-3-

substantive attacks on his state-court conviction that were made in the habeas application.

Rule 60(b)(4), however, is not a remedy for every prior judicial error. Rule 60(b)(4) provides for relief from a judgment on the ground that "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is void "only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Arthur Anderson & Co. v. Ohio (In re Four Seasons Sec. Laws Litig.)*, 502 F.2d 834, 842 (10th Cir.1974). "[A] judgment is not void merely because it is erroneous." *Id*. Thus, our failure to anticipate *Gonzalez* does not render void the decisions (by the district court and us) on Mr. Cothrum's Rule 60(b)(2) motion. There can be no doubt that both courts had *jurisdiction* to render their (probably erroneous) decisions regarding whether Mr. Cothrum's pleading constituted a second habeas application.

Still, if, as Mr. Cothrum contends, the proceedings on his Rule 60(b)(2) motion denied him due process he might be able to obtain relief under Rule 60(b)(4). *See id*. But his contention lacks merit. He complains of being denied both "Access to the Courts" and "Notice and [a] right to object" by the transfer of the motion to us. Aplt Br. at 2. Yet he was not denied access to the courts. He presented his motion (and a motion to reconsider) to the district court, which acted upon it consistently with legal authority as it stood at the time. In addition, he had access to this court in its consideration of the motion as a second-or-

-4-

successive petition. Similarly, his notice and opportunity-to-object arguments are unavailing, given the opportunities he had to present his contentions before this court; he filed both a motion and a reply brief in the proceedings considering his Rule 60(b)(2) motion.

Additionally, Mr. Cothrum asserts that denial of his habeas claim on the ground of untimeliness constituted a "Manifest Injustice." Aplt. Br. at 2. This is not a ground for relief under Rule 60(b)(4), but it might suffice under Rule 60(b)(6), which covers "any other reason justifying relief from the operation of the judgment." *See* Fed. R. Civ. P. 60(b)(6). Although Mr. Cothrum has not invoked that rule, he is proceeding without counsel, so we will liberally construe his pleading to raise a Rule 60(b)(6) motion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Nevertheless, we are not persuaded that the denial of his original § 2254 application for untimeliness constituted a "manifest injustice." Mr. Cothrum's Oklahoma conviction for first-degree rape, robbery, and kidnapping became final in February 1990, after he had exhausted his state-court direct appeals and the period had passed for petitioning for a writ of certiorari from the United States Supreme Court. We have held that the one-year limitations period of the Antiterrorism and Effective Dealth Penalty Act begins running at the time of its enactment on April 24, 1996, for convictions, such as this one, that were final before its enactment. *See United States v. Simmonds*, 111 F.3d 737, 744-46 (10th

Cir. 1997), *overruled on other grounds by United States v. Hurst*, 322 F.3d 1256, 1260-61 & n.4 (10th Cir. 2003). Mr. Cothrum therefore had *over seven years*, until April 24, 1997, *see Hurst*, 322 F.3d at 1261 n.4, to file a timely habeas application and yet did not file one until May 21, 1997. He pursued state post-conviction relief, but even that avenue was exhausted by February 15, 1995, with more than two years remaining for the timely filing of his application.

Mr. Cothrum asserted in his Rule 60(b)(2) motion and to us in this appeal that he was incapacitated by mental illness that prevented him from timely filing his § 2254 application. He urges us to consider such an incapacity to be an extraordinary circumstance justifying tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). To support his Rule 60(b)(2) motion he provided his prison medical records from June 1994 to May 1997 as evidence of his mental illness. Those records, however, are insufficient to demonstrate an incapacity that would toll the limitations period. Although it is clear that he has experienced some bouts with anxiety, perhaps severe, the records do not indicate that he was confined to a mental institution or under inpatient care at any time (other than a two-day period in June 1996 when he was apparently sent to another facility for evaluation). The records suggest that his symptoms have been generally controlled with medication and that his condition was not materially different in May 1997, when he ultimately filed his voluminous application with the district court. In this light we cannot conclude that his illness would justify equitable

tolling. Therefore, no manifest injustice resulted from the district court's failure to address this new evidence when it was presented with his Rule 60(b)(2) motion. He has not met his heavy burden to justify relief under Rule 60(b)(6). *See Searles v. Dechant*, 393 F.3d 1126, 1131 (10th Cir. 2004) ("Such relief is extraordinary and may only be granted in exceptional circumstances." (internal quotation marks and brackets omitted)).

Finally, we have reviewed all the claims made in Mr. Cothrum's § 2254 application and are satisfied that there has been no fundamental miscarriage of justice in the district court's failure to address its merits. His allegation that his state-court trial was fundamentally unfair because it was a "circus," Aplt Br. at 40, appears to arise mainly from a variety of contempt citations and evidentiary rulings that went against him, results brought about largely by his insistence on representing himself at trial. That the jury and gallery occasionally may have been guilty of speaking or even snickering during the proceedings does not render the trial fundamentally unfair or rise to a constitutional violation. Again, he has not shown exceptional circumstances justifying relief under Rule 60(b)(6).

We AFFIRM the district court's denial of Mr. Cothrum's Rule 60(b)(4) motion and the denial of his motion to reconsider that decision.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge