**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 21 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERRY D. HURST,

Defendant - Appellant.

No. 01-7057

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D.C. Nos. 00-CV-267-S and 97-CR-36-S)**

---

Submitted on the briefs:

Roger K. Vehrs, Fresno, California, for Defendant-Appellant.

Sheldon J. Sperling, United States Attorney, and Gordon B. Cecil, Assistant United States Attorney, Muskogee, Oklahoma, for Plaintiff-Appellee.

---

Before **SEYMOUR** , **PORFILIO** , and **O'BRIEN** , Circuit Judges.

---

**SEYMOUR** , Circuit Judge.

Jerry D. Hurst, a federal prisoner, seeks habeas relief under 28 U.S.C. § 2255, challenging the validity of a judgment and sentence entered upon his guilty plea. The district court dismissed the action on the ground that it was filed one day too late to comply with the one-year limitations period applicable to § 2255 motions. This court granted a certificate of appealability under 28 U.S.C. § 2253(c), limited to the procedural issue of whether the limitations period had expired at the time Mr. Hurst submitted his motion to district court, and directed briefing on that issue. Because we conclude that the motion was timely, we reverse the dismissal and remand for further proceedings. [1]

I.

Mr. Hurst pled guilty to conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. At his sentencing hearing, Mr. Hurst objected to the proposed application of U.S.S.G. § 4A1.1, which provides for the addition of two criminal history points for being on escape status. Mr. Hurst's history showed an outstanding California probation warrant, issued for an alleged failure to appear to serve two days in jail for "wet reckless driving." Mr. Hurst attempted to show that he had actually served his time in the

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Pittsburg, Oklahoma, county jail, but that jail officials had failed to notify California of his service. The court ruled that Mr. Hurst's proof was insufficient and added the two escape status points. These points had the potential to add fourteen months to the sentence, by increasing Mr. Hurst's criminal history category from II (with a 121 to 151-month range) to III (with a 135 to 168-month range). Upon acceptance of his guilty plea, the district court sentenced Mr. Hurst to a term of 135 months' incarceration, a term at the bottom of the category III range for his total offense level of 31.

The judgment and sentence were upheld on direct appeal. *United States v. Hurst*, No. 97-7129, 1999 WL 12977, at **7 (10th Cir. Jan. 14, 1999). Mr. Hurst filed a petition for rehearing, which was denied on February 16, 1999. He did not petition the United States Supreme Court for a writ of certiorari.

After entry of judgment in his appeal, Mr. Hurst demonstrated to the California court's satisfaction that he had served his two-day sentence in Oklahoma. On May 9, 2000, that court issued an order deeming the sentence satisfied as of September 8, 1995.

Mr. Hurst then filed his § 2255 motion. He challenged the judgment on ineffective assistance of counsel grounds and also requested modification of his sentence based on a deduction of the escape-status points. The district court received the motion on May 17, 2000, but the motion was not officially filed until

May 18, 2000.  Using the date of receipt, the district court determined that the motion was one day late.  The court held that the applicable statute of limitations began running on May 17, 1999, ninety days after denial of the petition for rehearing, and ended on May 16, 2000.  It therefore dismissed the case as untimely, without reaching the merits of Mr. Hurst's claims.

II.

We review *de novo* a district court's determination that a litigant's claims are barred by the statute of limitations.  *Laurino v. Tate,* 220 F.3d 1213, 1216 (10th Cir. 2000).  *See also Williams v. Bruton,* 299 F.3d 981, 982 (8th Cir. 2002) (district court's interpretation of an AEDPA limitations provision is reviewed *de novo*).

Mr. Hurst's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which establishes a one-year limitations period for federal prisoners seeking habeas relief.  *See* 28 U.S.C. § 2255, ¶ 6. [2]  "[I]f a

---

[2]     Paragraph 6 states:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

(continued...)

prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000). A petition for a writ of certiorari must be filed within ninety days after denial of a timely petition for rehearing. [3]

The statute does not specify how the one-year period should be computed. The issue here is whether the AEDPA period ends *on* the one-year anniversary of

---

[2](...continued)
> United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Only subsection one is applicable to the instant case, in that the record contains no indication of governmental action preventing Mr. Hurst from making a motion, a newly-recognized right made retroactively applicable, or newly-discovered facts. We also note that this case does not present extraordinary circumstances such that Mr. Hurst would receive the benefit of equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (concerning § 2254); *see also United States v. Willis*, 202 F.3d 1279, 1281 n.3 (10th Cir. 2000) (concerning § 2255).

[3] Contrary to Mr. Hurst's contention, the Supreme Court rule makes it plain that the time for filing a petition for certiorari does not begin to run from the issuance date of the mandate. *Clay v. United States*, 123 S. Ct. 1072, 1074, 1079 (2003).

the final judgment of conviction, measured from the denial of certiorari (the anniversary method), or the day *before* the anniversary (the calendar method). *See generally United States v. Marcello*, 212 F.3d 1005, 1008-09 (7th Cir. 2000) (citing cases and discussing use of anniversary versus calendar method in AEDPA context). We think the appropriate answer is found in the case law and in Rule 6(a) of the Federal Rules of Civil Procedure.

"The general rule for computing time limitations in federal courts is Federal Rule of Civil Procedure 6(a) . . . ." *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002). *See also Johnson v. Riddle*, 305 F.3d 1007, 1115 (10th Cir. 2002). Rule 6(a) provides: "In computing any period of time prescribed or allowed . . . by any applicable statute, the day of the act . . . from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included. . . ." *See also Johnson*, 305 F.3d at 1115 ("[A]s a general rule of statutory construction . . . a cause of action measured 'from . . . a date named' excludes the day thus designated.") (quoting *Sheets v. Selden's Lessee*, 2 Wall. 177, 69 U.S. 177, 190 (1864) (alterations in *Johnson*)). Under this rule, when a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act. The anniversary date is the "last day to file even when the intervening period includes the extra leap year day." *Marcello*, 212 F.3d at 1010.

Other circuit courts of appeals have concluded that Rule 6(a) applies to the calculation of AEDPA limitations periods. For instance, in *Marcello*, the Seventh Circuit "establish[ed] an unequivocal rule" that the timeliness of a § 2255 motion is calculated by "the anniversary method" of Rule 6(a). *Id.* at 1009-10. "[T]he anniversary date is clear and predictable," so that it is easy for litigants and attorneys to remember and for courts to administer. *Id.* at 1010.

In a comparable case, the Ninth Circuit reviewed the case law and satisfied itself that

> Rule 6(a) provides a reasonable basis for determining the appropriate ending of the grace period [for prisoners whose convictions were final before the AEDPA effective date]. Rule 6(a) is widely applied to federal limitations periods. The Supreme Court has held that because Rule 6(a) had the concurrence of Congress, it can apply to "any applicable statute" in the absence of contrary policy expressed in the statute. *Union Nat'l Bank v. Lamb*, 337 U.S. 38, 40-41 [](1949). Here, AEDPA does not provide an alternative method for computing time periods, and Congress has not otherwise expressed an intent to preclude the application of Rule 6(a). . . . We therefore hold that AEDPA's one-year grace period for challenging convictions finalized before AEDPA's enactment date is governed by Rule 6(a) and ended on April 24, 1997 in the absence of statutory tolling. Further, we hold that Rule 6(a) governs the calculation of statutory tolling applicable to the one-year grace period.

*Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (footnote omitted).

*See also Newell*, 283 F.3d at 833 (using Rule 6(a) to compute grace period for prisoners whose convictions pre-dated AEDPA effective date of April 24, 1996, and holding timely habeas corpus petitions filed on or before April 24, 1997;

*Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (using Rule 6(a) to compute § 2244(d)(1) AEDPA limitations period applicable to state prisoners); *Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying Rule 6(a) to AEDPA grace period computation); *Rogers v. United States*, 180 F.3d 349, 355 & n.13 (1st Cir. 1999) (same); *Moore v. United States*, 173 F.3d 1131, 1133-35 (8th Cir. 1999) (same); *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998) (same); *Mickens v. United States*, 148 F.3d 145, 148 (2d Cir. 1998) (same).

We find the reasoning of our sister circuit courts persuasive and hold that calculation issues concerning the AEDPA statutes of limitations should be resolved under the principles expressed in Rule 6(a). A motion presented to the court on the anniversary date of a triggering event is within the "1-year period of limitation" set out in § 2255 and § 2244(d)(1). [4] Like the other circuit courts, we

---

[4] We recognize that a panel of this court has implied that a § 2255 action must be commenced on the day before the relevant anniversary date. In *United States v. Simmonds*, 111 F.3d 737 (10th Cir. 1997), dealing with the grace period for "prisoners whose convictions became final on or before April 24, 1996," we said that their § 2255 motions must be filed "*before* April 24, 1997." *Id.* at 746 (emphasis added). *But see Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (referring, in a § 2254 habeas case, to the "apparently firm [grace period] deadline of April *24*, 1997") (emphasis added).

While *Simmonds* presented multiple AEDPA issues to the court, the anniversary date question was not one of them. The statement in *Simmonds* that the grace period ended on April 23, 1997, is therefore dictum and does not control our decision in the instant case. We have circulated this footnote to the en banc court, which has unanimously agreed that to the extent *Simmonds* and any of our other cases are inconsistent with the rule announced herein, they are hereby

reject the notion that the AEDPA statute should be computed under the "calendar-year method," pursuant to which the deadline would occur the day before the anniversary date. *See Marcello*, 212 F.3d at 1008-10.

A secondary issue concerns the timeliness of a counseled § 2255 motion received by the court on one date, but officially filed at a later time. The cases uniformly hold that a document is deemed filed when actually received by the clerk of the court and not when some other processing event occurs. *See Hernandez v. Aldridge*, 902 F.2d 386, 388 (5th Cir. 1990); *Cooper v. City of Ashland*, 871 F.2d 104, 105-06 (9th Cir. 1989); *see also* James William Moore, 1 *Moore's Federal Practice* §5.30[1][a][ii] (3d ed. 2002) (stating that "[t]endering the materials which require filing to the clerk constitutes filing regardless of whether or not the clerk physically files the papers in the proper place in a timely fashion"). The failure of a clerk to docket a submission does not affect its timeliness. For the purposes of the AEDPA statute of limitations, the submission of a counseled § 2255 motion to the custody of the clerk commences the action, regardless of the date the motion is formally filed.

---

[4](...continued)
overruled.

III.

To determine whether Mr. Hurst's motion was timely, we apply the above principles to the chronology of his case. The method set out in Rule 6(a) governs each step of the calculation.

This court denied the petition for rehearing submitted in his direct appeal on February 16, 1999. He therefore had ninety days, or until May 17, 1999, to file a petition for certiorari with the United States Supreme Court. Because Mr. Hurst did not seek Supreme Court review, the one-year period of limitations applicable to his § 2255 motion commenced on the day after expiration of the time for petitioning for certiorari, or May 18, 1999.

Under the anniversary rule we have adopted, the one-year period ended on May 18, 2000, even though the year 2000 was a leap year. Mr. Hurst's § 2255 motion was submitted to the clerk on May 17, 2000. Consequently, the motion was filed within the AEDPA statute of limitations, with a day to spare.

Accordingly we **REVERSE** the district court's judgment and **REMAND** this case for further proceedings consistent with this opinion.