**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARCOS A. ROCHA,

        Petitioner - Appellant,

v.

WILLIAM E. PRICE, Warden;
ATTORNEY GENERAL OF THE
STATE OF COLORADO; ROGER G.
BILLOTTE, Assistant Attorney
General,

        Respondents - Appellees.

No. 05-1151

(D. Colorado)

(D.C. No. 04-Z-2195)

**ORDER**

Before **HARTZ**, Circuit Judge, **BARRETT,** Senior Circuit Judge, and
**McCONNELL**, Circuit Judge.

Marco A. Rocha applied for a writ of habeas corpus under 28 U.S.C.

§ 2254. The district court denied the application as untimely under 28 U.S.C.

§ 2244(d) and denied Mr. Rocha's request for a Certificate of Appealability

(COA). We agree with the district court and deny a COA for substantially the

same reasons.

**I.    BACKGROUND**

On October 6, 2004, Mr. Rocha filed a "Motion for Process Habeas

Corpus," which states that he had previously filed an application for habeas relief

on March 15, 1994. A copy of the purported application was attached to the motion. The magistrate judge issued an order to cure deficiency, directing the clerk to send Mr. Rocha forms for a formal habeas application under 28 U.S.C. § 2254. On November 26, 2004, Mr. Rocha filed a formal application for habeas relief. That application alleges that he was convicted on February 19, 1992, of possession, distribution, and conspiracy to distribute less than 28 grams of cocaine, that a direct appeal was filed, and that his conviction was affirmed on May 20, 1993. It also alleges that he filed an application for habeas relief on March 15, 1994, that he was subsequently ordered to cure a deficiency in that application, that he did so, and that no further action was taken until he filed his "Motion for Process Habeas Corpus." The application allegedly filed in 1994 contended that the trial court erred in (1) denying him the right to represent himself, (2) refusing to dismiss a conspiracy count, and (3) refusing to reopen the case after the defense had rested to permit him to retake the stand. It also alleges that the prosecutor made improper statements during closing arguments. His 2004 application raises the same claims.

The magistrate judge issued an order to show cause why the application should not be dismissed as time-barred by 28 U.S.C. § 2244(d). The judge noted that the March 15, 1994, application "is not stamped 'Filed,' but is stamped 'Received,' indicating that the Petition was not properly filed with the Court." R.

-2-

Doc. 6 at 4. The judge also found it "incredulous" that Mr. Rocha would wait 10 years before inquiring about the status of his original application. *Id.* In response Mr. Rocha alleged that he waited to challenge his conviction because on September 14, 2004, his conviction was used against him to deny his parole application. In reviewing the order to show cause and Mr. Rocha's answer, the district court found that he had not established that he had in fact properly filed an application for habeas relief in 1994. Because Mr. Rocha gave the court no reason to toll the statute of limitations, the application was denied. The district court also denied a COA.

## II.   DISCUSSION

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the petition was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial

showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further." *Id.*

The applicable statute of limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA) provides that a habeas application from a prisoner in state custody must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Mr. Rocha's conviction became final before the effective date of AEDPA, he had until April 24, 1997, or one year from the effective date of AEDPA, to file his petition. *United States v. Hurst*, 322 F.3d 1256, 1261 n.4 (10th Cir. 2003). This case therefore turns on whether Mr. Rocha had in fact filed his habeas application in 1994, as he alleges, or not until 2004.

Mr. Rocha's alleged habeas application involved Colorado state court Case No. 91-CR-1070. According to the district court, the magistrate judge reviewed the district court's docket and found three habeas actions filed by Mr. Rocha, but none of them were for Case No. 91-CR-1070. The magistrate judge also noted

that the application provided by Mr. Rocha for Case No. 91-CR-1070 was stamped "Received" but not "Filed," indicating that it was not properly filed. According to the district court, nothing in the docket of the court indicates that Mr. Rocha had properly filed a habeas application regarding Case No. 91-CR-1070 before 2004. We review such factual findings for clear error. *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001). These factual findings are not clearly erroneous. Therefore, no reasonable jurist could debate that the district court could properly find that this action is time-barred.

We DENY a COA for substantially the same reasons set forth by the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge