**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JIMMY D. MAULDIN,

    Defendant - Appellant.

No. 06-3071
(D.C. Nos. 00-CR-40024-
04-SAC; 06-CV-3018-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

Jimmy D. Mauldin, a federal prisoner, requests a certificate of appealability

("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 habeas

petition. For substantially the same reasons as set forth by the district court, we

**DENY** a COA and **DISMISS**.

In August of 2002, Mauldin was convicted of one count of conspiracy to

manufacture and distribute in excess of one kilogram of methamphetamine in

violation of 21 U.S.C. § 846 and was sentenced to 146 months' imprisonment.

Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220

(2005), and more than three years after his conviction, Mauldin filed a habeas

petition in federal court arguing that his sentence was unconstitutionally imposed

in light of Booker.  Specifically, he asserted that his sentence was improperly enhanced based on judicial findings as to the quantity of drugs, his possession of a firearm and stick of dynamite found during a search of his residence, and his role in obstructing justice.  The district court ruled that his petition was time-barred.  A subsequent application for a COA was denied.  Having failed to secure a COA from that court, Mauldin now seeks a COA from us.[1]

The statute of limitations for applications for a writ of habeas corpus is set forth in 28 U.S.C. § 2244(d).  It states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or

---

[1]  Mauldin's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case.  See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2255 upon a grant of a COA.  28 U.S.C. § 2253(c)(2).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  This requires Mauldin to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Mauldin a COA, he may not appeal the district court's decision absent a grant of COA by this court.

laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Mauldin did not appeal his sentence, the statute of limitations began running on August 20, 2002, ten days after judgment was entered. See United States v. Hurst, 322 F.3d 1256, 1259-60 (10th Cir. 2003) (holding that the statute of limitations period to file a habeas petition begins running the day after the time for filing an appeal has expired). Thus, Mauldin had until August 20, 2003, to file a timely habeas petition. See id. at 1261.

Mauldin's petition was filed more than three years after his conviction became final. Mauldin argues, however, that his petition is timely because, under § 2244(d)(1)(C), he had one year to file a habeas petition after the Supreme Court's decision in Booker, which established a new right. However, Booker does not apply retroactively on collateral review, and thus § 2244(d)(1)(C) does not apply. United States v. Bellamy, 411 F.3d 1182, 1188 (10th Cir. 2005). Nor does Mauldin present any argument that the statute of limitations in this case should be equitably tolled. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.

2000) (holding that equitable tolling is available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"). Mauldin's habeas petition is time-barred under AEDPA.

Accordingly, Mauldin's application for a COA is **DENIED**.

ENTERED FOR THE COURT

Carlos F Lucero
Circuit Judge