**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PATRICK L. BRENNER,

      Petitioner - Appellant,

v.

HOYT BRILL; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 06-1111
(D.C. No. 06-Z-49)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Patrick L. Brenner, a state inmate proceeding pro se, seeks a certificate of appealability ("COA") to appeal from the district courts denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court dismissed the habeas action as time barred under the one-year limitation period under 28 U.S.C. § 2244(d); and also dismissed one of the claims because it did not implicate a federal constitutional right.[1]

---

[1] We construe Mr. Brenner's motion for appointment of counsel filed in the district court as the functional equivalent of a notice of appeal as only one substantive order had been entered by the district court and that is the obvious subject of the appeal. See Fed. R. App. P. 3(b)(4); Smith v. Barry, 502 U.S. 244,

To obtain a COA, Mr. Brenner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation omitted). Where a district court dismisses a habeas petition on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In December 1991, following a plea of guilty to two counts of sexual assault on a child by one in a position of trust, a Colorado state district court sentenced Mr. Brenner to an indeterminate term of one day to life in prison. Mr. Brenner did not file a direct appeal.[2] Mr. Brenner filed several post-conviction motions in the state district court.[3] He filed his first one on November 30, 1998, which the district court denied on March 4, 1999, and the state court of appeals affirmed that denial on February 12, 2001. He filed a second motion on November 5, 1999, which the state district court denied on December 2, 1999, and

248-49 (1992).

[2] Mr. Brenner asserts that he did file a direct appeal, R. Doc. 2 at 3, however, we agree with the district court that such a filing appears to be a post-conviction motion. Id. Doc. 4 at 1-2.

[3] Because the record is insufficient to determine precisely when Mr. Brenner filed each of these motions, we will take the dates as provided by him in his habeas application and response to the district court's order to show cause.

the state court of appeals affirmed that denial on April 10, 2000. Mr. Brenner filed a third motion on November 18, 2002, which the district court denied on January 23, 2004, and the state court of appeals affirmed that denial on June 23, 2005. The state supreme court denied a petition for writ of certiorari on October 24, 2005.

In his federal habeas petition, Mr. Brenner contends that (1) the state trial court lacked subject matter jurisdiction because the prosecutor had not taken and filed an oath of office, and (2) he was denied counsel in the trial court in connection with his third post-conviction motion. Though the district court is unassailably correct that the lack of post-conviction counsel does not implicate a federal constitutional right, see Pennsylvania v. Finley, 481 U.S. 551, 556-57 (1987) (no right to post-conviction counsel), we deny a COA on the basis that the action is time-barred.

Mr. Brenner had until April 24, 1997, to file his federal habeas petition given his 1991 convictions and the enactment of the one-year limitation period. United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). His petition was filed December 30, 2005, and is plainly untimely. State post-conviction motions do not toll when the limitation period has expired. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Although the limitation period may be tolled by extraordinary circumstances, the lack of counsel is not one them. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

We DENY Mr. Brenner's application for a COA, DENY IFP and DISMISS the appeal.  Mr. Brenner must pay the filing fee.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge