**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 8, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAWRENCE R. GROSS,

      Petitioner - Appellant,

v.

STATE OF KANSAS; ROGER
WERHOLTZ, Secretary of
Corrections; DAVID McKUNE,
Warden, Lansing Correctional
Facility; and ATTORNEY GENERAL
OF KANSAS,

      Respondents - Appellees.

No. 06-3079
(D.C. No. 05-CV-3425-SAC)
(D. Kan.)

**ORDER DENYING A CERTIFICATE
OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Lawrence Gross, a state prisoner, seeks a certificate of appealability

("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas

petition.  For substantially the same reasons set forth by the district court, we

**DENY** a COA and **DISMISS**.

Gross pled guilty to first degree murder on May 21, 1973.  He was

convicted and sentenced to life in prison.  While in prison, Gross learned that he

suffered from Wilson's disease, a disorder affecting the body's ability to

metabolize copper. On September 3, 2002, Gross filed a motion to withdraw his guilty plea in Kansas district court, alleging that he was incompetent to enter a plea because of his illness. After his motion was denied, Gross filed a number of state appeals, culminating in the Kansas Supreme Court's denial of further review on January 27, 2005. Gross filed a habeas petition pursuant to 28 U.S.C. § 2254 in federal district court on November 2, 2005. Finding the petition time-barred, the district court denied his petition and his subsequent request for a COA. Having failed to obtain a COA from that court, Gross now requests a COA from this court.[1]

AEDPA imposes a one-year statute of limitations on habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d). Because this law went into effect on April 24, 1996, after Gross' conviction became final, he had until April 24, 1997 to file a habeas petition. See United States v. Hurst, 322 F.3d 1256, 1260 (10th

---

[1] Gross' petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Gross to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Gross a COA, he may not appeal the district court's decision absent a grant of COA by this court.

Cir. 2003). Section 2244(d)'s one-year limitation period is tolled while a prisoner pursues state post-conviction relief or other collateral review. 28 U.S.C. § 2244(d)(2). However, Gross did not file his motion to withdraw his guilty plea until September 3, 2002 – more than five years after the statute of limitations had run.

Gross contends that a substantive mental competency claim cannot be procedurally barred, relying on Rogers v. Gibson, 173 F.3d at 1289. In Rogers we held that a substantive mental competency claim may not be barred by procedural default in state court. Id. However, Gross did not default in state court – he simply failed to file a timely habeas petition – making Rogers irrelevant to the present analysis.

Nor would equitable tolling be appropriate in this case. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Gross has not shown any extraordinary circumstances beyond his control that prevented him from filing a timely petition. The record indicates that his disease was being successfully treated long before the statute of limitations began to run.

For the foregoing reasons, Gross' request for a COA is **DENIED** and his

appeal is **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge