**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 18, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROMAN M. PADILLA,

        Plaintiff - Appellant,

    v.

TIMOTHY HATCH; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

        Defendant - Appellee.

No. 07-2262

D. N.M.

(D.C. No. CIV-07-00540-MV-RHS)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appearing *pro se*[1] and *in forma pauperis*, Roman Padilla seeks a certificate of appealability (COA) to appeal from the dismissal of his petition for a writ of

---

[1] We liberally construe *pro se* pleadings. *See Ledbetter v. City of Topeka, Kan.*, 317 F.3d 1183, 1187 (10th Cir. 2003)

habeas corpus pursuant to 28 U.S.C. § 2254.  The district court dismissed the petition as time-barred and denied a COA.  We likewise deny a COA and dismiss the application.

Padilla, a prisoner in state custody, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The magistrate judge determined Padilla's application was not filed within the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1)(A).[2]  The judge rejected Padilla's argument that the statute of limitations should be equitably tolled because he was unaware of any time limit.  The district court adopted the magistrate judge's recommendations and denied the petition.  Padilla filed a timely notice of appeal and request for a COA.  The district court denied a COA and Padilla renews his request here.

A COA is a jurisdictional prerequisite to our review.  *Miller-El v. Cockrell*, 537 U.S. 322, 325-26 (2003).  It will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

---

[2]  As set forth by the magistrate judge, Padilla's state court judgment was entered on March 15, 2005.  Padilla filed a motion to reconsider sentence on March 23, 2005, which was denied on April 8, 2005.  Because he did not pursue a direct appeal, his conviction became final thirty days later, on May 9, 2005.  N.M. Stat. Ann. § 39-3-9; 28 U.S.C. § 2244(d)(1)(A).  Thus, to be timely, his habeas corpus petition would have to have been filed by May 10, 2006.  *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003).  It was not filed until May 31, 2007.  Although Padilla also filed a petition for post-conviction relief in state court, it was not filed until after the statute of limitations had already expired.  Thus, it did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2).

§ 2253(c)(2). This standard requires an applicant to show "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted). Where, as here, an application is denied on procedural grounds, the applicant must also show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In his application for a COA and proposed opening brief, Padilla does not challenge the district court's conclusion that his petition is untimely and does not claim he is entitled to equitable tolling. Instead, he argues the merits of his claims. We need not consider the merits as a plain procedural bar is present and the district court was correct to invoke it. *See id.*

We **DENY** a COA and **DISMISS** the application.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge

-3-