FILED
United States Court of Appeals
Tenth Circuit

April 25, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANK HURTADO,

        Petitioner - Appellant,

    v.

DAVID PARKER, Warden,

        Respondent - Appellee.

No. 07-6264
(W.D. Oklahoma)
(D.C. No.5:07-CV-00916-C)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **BRISCOE**, **MURPHY,** and **HARTZ**, Circuit Judges.

This matter is before the court on Frank Hurtado's *pro se* requests for a

certificate of appealability ("COA") and for permission to proceed on appeal *in*

*forma pauperis*. Hurtado, a state prisoner, seeks a COA so he can appeal the

district court's denial of his 28 U.S.C. § 2254 petition. 28 U.S.C.

§ 2253(c)(1)(A).[1] This court **grants** Hurtado's request to proceed on appeal *in*

*forma pauperis*. Because, however, he has not "made a substantial showing of the

---

[1]The district court did not issue Hurtado a COA within thirty days of the
filing of his notice of appeal. Accordingly Hurtado's request for a COA in the
district court is deemed denied. 10th Cir. R. 22.1(C).

denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Hurtado pleaded guilty in Oklahoma state court to two counts of uttering a forged instrument on January 18, 2000. Because at the time of his convictions Hurtado was serving a suspended sentence on a previous felony conviction for furnishing an alcoholic beverage to a minor, he was sentenced to an enhanced term of imprisonment of twenty years. Hurtado did not seek to withdraw his guilty pleas or file a direct appeal. Instead, more than five years later, Hurtado filed a state petition for post-conviction relief on May 31, 2005. When the state court denied post-conviction relief, Hurtado filed the instant § 2254 petition on August 15, 2007. Although his § 2254 petition is far from clear, Hurtado appears to be challenging the state courts' failure to review his claims on the merits during collateral proceedings and appears to challenge his sentences on the forgery convictions on the ground that they were improperly enhanced by reference to his previous felony conviction for providing alcohol to a minor.

The district court dismissed Hurtado's § 2254 petition as untimely. It began by noting that because Hurtado did not file a direct appeal or seek to withdraw his guilty plea, his conviction became final on January 28, 2000. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001). Thus, the limitations period set out in 28 U.S.C. § 2244(d) began to run on that date and expired on January 29, 2001. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir.

-2-

2003).  The district court noted that Hurtado was not entitled to statutory tolling because his state court petition for post-conviction relief had not been filed until after the § 2244(d) limitation period had expired.  *Fisher*, 262 F.3d at 1142-43.  The district court further concluded Hurtado was not entitled to equitable tolling because he had failed to diligently pursue his claims.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

The granting of a COA is a jurisdictional prerequisite to Hurtado's appeal from the denial of his § 2254 petition.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To be entitled to a COA, Hurtado must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Id.* (quotations omitted).  In evaluating whether Hurtado has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of her claims.  *Id.* at 338.  Although Hurtado need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith."  *Id.*

Having undertaken a review of Hurtado's appellate filings, the magistrate judge's report and recommendation, the district court's order, and the entire

record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Hurtado is not entitled to a COA. The district court's resolution of Hurtado's § 2254 petition is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. In particular, we note that Hurtado offers absolutely no explanation for the lengthy delay between the time his state court conviction became final and his filing of his tardy § 2254 petition. Accordingly, this court **DENIES** Hurtado's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk