FILED
United States Court of Appeals
Tenth Circuit

December 5, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER CLEVELAND,

    Petitioner - Appellant,

v.

TOMMY SHARP, Warden,

    Respondent - Appellee.

No. 16-6278

(D.C. No. 5:13-CV-01281-F)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **BALDOCK,** and **McHUGH**, Circuit Judges.

Petitioner Christopher Cleveland is serving a seven-year sentence of imprisonment as a result of a perjury conviction in Oklahoma state court. After exhausting his state-court remedies, Petitioner filed a pro se habeas petition pursuant to 28 U.S.C. § 2254 seeking relief from his conviction and sentence.[1] The district court carefully reviewed the matter, per a magistrate judge's thorough report and

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We note Petitioner has a long list of prior court filings and is a "three striker" under the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g). The PLRA, however, does not apply to § 2254 petitions. United States v. Simmonds, 111 F.3d 737, 744 (10th Cir. 1997) (holding habeas proceedings are not "civil actions" for purposes of § 1915), overruled on other grounds, United States v. Hurst, 322 F.3d 1256, 1261 n.4 (10th Cir. 2003).

recommendation (R & R), and denied the petition on both substantive and procedural grounds. Thereafter, the district court denied Petitioner's application for a certificate of appealability (COA). Petitioner now renews his application before us. See 28 U.S.C. § 2253(c). Where a district court has rejected a § 2254 petition's constitutional claims on their merits, the petitioner qualifies for a COA only if he can demonstrate that reasonable jurists would find the district court's assessment of those claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the court has rejected a § 2254 petition's claims on procedural grounds, the petitioner qualifies for a COA only if he can demonstrate that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right and the district court was correct in its procedural ruling. Id.

Construing Petitioner's pro se filings liberally, we do not see how he can make the required showing for a COA here. As grounds for issuance of a COA, Petitioner raises the same claims he did in the district court plus one–the district court's failure to grant him an evidentiary hearing. But Petitioner is not entitled to an evidentiary hearing on meritless claims. The R & R cogently explained why Petitioner is not entitled to habeas relief, and we will not reinvent the wheel here to explain why Petitioner is not entitled to a COA. Suffice to say the district court's analyses and resolution of Petitioner's constitutional claims ably illustrates why he cannot meet the standard for issuance of a COA. No useful purpose would be served by us writing anything further.

2

Accordingly, Petitioner's application for a COA is DENIED and this appeal is DISMISSED. Petitioner's motion to proceed in forma pauperis is DENIED as moot.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge