**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RAPHEL UNTEEKE DENNIS,

     Petitioner - Appellant,

v.

SCOTT CROW,

     Respondent - Appellee.

No. 19-6135
(D.C. No. 5:19-CV-00381-G)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Raphel Dennis seeks a certificate of appealability ("COA") to appeal the

district court's denial of his 28 U.S.C. § 2254 petition. We deny a COA and dismiss

the appeal.

**I**

On June 15, 2015, Dennis pled guilty in Oklahoma court to robbery with a

firearm, possession of marijuana and cocaine with intent to distribute, driving

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

without a license, and possession of cocaine.  He received several sentences of imprisonment that were to run concurrently.  The longest of his sentences, for robbery with a firearm, was for 26 years of imprisonment, with all but the first thirteen years suspended.

On November 21, 2016, Dennis filed an application for state post-conviction relief.  The trial court struck his application, and the Oklahoma Court of Criminal Appeals denied his petition requesting review.  Dennis filed this § 2254 petition in federal district court.  The court denied his petition as time-barred and declined to grant a COA.  Dennis now seeks a COA from this court.

## II

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA.  28 U.S.C. § 2253(c)(1).  We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  To meet this standard, Dennis must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period on habeas petitions filed by state prisoners.  28 U.S.C. § 2244(d).  This period generally runs from the date a conviction becomes final.  See § 2244(d)(1)(A).  Dennis' conviction became final ten days after his guilty plea, when the period for filing an appeal expired.  See Fisher v. Gibson, 262 F.3d 1135,

2

1142 (10th Cir. 2001). Because he pled guilty on June 15, 2015, his conviction became final on June 25. The one-year limitations period began to run the next day and expired on Monday, June 27, 2016. See Fed. R. Civ. P. 6(a)(1)(C) (extending a period ending on a Sunday to the following Monday).

Although the period is statutorily tolled while a properly filed application for state post-conviction relief is pending, § 2244(d)(2), Dennis did not file his petition for post-conviction relief until November 21, 2016. Absent equitable tolling, the limitations period expired before Dennis filed his application for state post-conviction relief. His § 2254 petition was therefore untimely.

At the district court, Dennis argued for the application of § 2244(d)(1)(D), under which the limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. He contended the limitations period began on November 24, 2015, when the state trial court issued an order denying his motion to correct the record and his motion requesting transcripts. Dennis appears to abandon this argument on appeal.

Even if we were to hold that the limitations period began on November 24, 2015, Dennis' petition would still be untimely. In that case, he would have had until November 25, 2016 to file a habeas petition. See United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (holding AEDPA limitations period is calculated using anniversary-date method even when intervening period includes leap year). Dennis filed his application for state post-conviction review on November 21, 2016,

3

leaving four days in the limitations period. The period resumed after the final dismissal of his application on May 18, 2018 and expired on May 22, 2018. Dennis filed his habeas petition on April 25, 2019.

Thus, even if the limitations period began on November 24, 2015, the petition would still be untimely absent equitable tolling. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Dennis does not offer a reason for the untimeliness of his § 2254 petition.

Equitable tolling is also appropriate if "a prisoner is actually innocent." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To meet the actual innocence exception, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him" based upon new reliable evidence. Schlup v. Delo, 513 U.S. 298, 327 (1995). Dennis does not contend that he is actually innocent of the crimes of which he was convicted. Therefore, equitable tolling is unavailable.

4

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Dennis' motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge