**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 24, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES RUDNICK,

      Petitioner - Appellant,

v.

WARDEN JAMES FALK; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents - Appellees.

No. 14-1098
(D.C. No. 1:13-CV-03223-LTB)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Petitioner-Appellant James Rudnick, a Colorado state inmate appearing pro
se, seeks a certificate of appealability (COA) to appeal from the district court's
dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254.
Rudnick v. Falk, No. 13–cv–03223–BNB, 2014 WL 585386 (D. Colo. Feb. 14,
2014). Because Mr. Rudnick has failed to demonstrate that it is reasonably
debatable whether the district court was correct in its procedural ruling, Slack v.
McDaniel, 529 U.S. 473, 484 (2000), we deny his request and dismiss his appeal.

Background

In 1992, a jury found Mr. Rudnick guilty of first-degree (deliberative) murder, attempted first-degree (deliberative) murder, and two counts of first-degree assault. He was sentenced to life imprisonment for the murder conviction, a consecutive eighteen-year sentence for the attempted murder conviction, and a concurrent four-year sentence for the assault convictions. His convictions were affirmed on direct appeal by the Colorado Court of Appeals, People v. Rudnick, 878 P.2d 16 (Colo. Ct. App. 1993), and the Colorado Supreme Court denied certiorari on August 8, 1994.

Not until December 2, 1997, did Mr. Rudnick submit any further filings to the state district court. On December 12, 1997, he filed a motion to "waive restitution and fines." The state district court denied his motion, and he sought reconsideration on January 29, 1998. The record does not show whether the motion to reconsider was resolved.

Over six years later, on July 30, 2004, Mr. Rudnick filed his first motion for post-conviction relief. The record does not show whether this motion was resolved. After another six years had passed, on March 8, 2010, Mr. Rudnick filed a second motion for post-conviction relief. The state district court denied the motion on August 26, 2010, and the Colorado Court of Appeals affirmed on April 19, 2012. Certiorari was denied on November 27, 2012.

On November 25, 2013, Mr. Rudnick filed his federal habeas petition asserting numerous claims, including improper jurisdiction, ineffective assistance of counsel, and violations of due process and equal protection. The district court held that the action was untimely. 28 U.S.C. § 2244(d).

Discussion

A COA requires that an applicant make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court denied a § 2254 petition on procedural grounds, the petitioner must demonstrate that it is reasonably debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court's procedural ruling is correct. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Generally, a federal habeas petition must be filed within a one-year limitation period. 28 U.S.C. § 2244(d)(1). This limitation period ordinarily commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. Mr. Rudnick's conviction became final on November 6, 1994, when the deadline to seek review from the Supreme Court had passed. Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). However, a state prisoner whose conviction became final before April 24, 1996 could file a § 2254 application on or before April 24, 1997. See United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003); Hoggro v.

Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Mr. Rudnick did not initiate this action until November 25, 2013, almost seventeen years after the one-year limitation period expired.

Mr. Rudnick's limitation period, running from April 24, 1996 through April 24, 1997, was not tolled by the pendency of any properly filed state court post-conviction motions. See Hoggro, 150 F.3d at 1226. Mr. Rudnick filed his first motion for post-conviction relief on July 30, 2004, which would not toll the original period. Additionally, although the limitation period for § 2254 motions is subject to equitable tolling in extraordinary circumstances, Holland v. Florida, 560 U.S. 631, 645 (2010), Mr. Rudnick does not present a valid basis for such tolling here.

We DENY a COA, DENY IFP status, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge