FILED
United States Court of Appeals
Tenth Circuit

January 15, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL DEANGELO LOWERY,

      Petitioner - Appellee,

v.

JASON BRYANT, Warden,

      Respondent - Appellant.

No. 18-6158
(D.C. No. 5:18-CV-00413-F)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **PHILLIPS**, **MCKAY**, and **O'BRIEN**, Circuit Judges.

In February 1995, Michael DeAngelo Lowery fatally shot Charles Edward

Johnson. He was convicted by an Oklahoma jury of first degree manslaughter and

possession of a firearm after a felony conviction. He was sentenced to consecutive terms

of 75 years and 25 years in prison, respectively. On February 28, 1997, the Oklahoma

Court of Criminal Appeals (OCCA) affirmed his convictions and sentences on direct

appeal. Almost 20 years later, in October 2016, Lowery filed his first state petition for

post-conviction relief. The state trial court denied relief in June 2017 and the OCCA

affirmed the denial in September 2017. On April 27, 2018, he filed a pro se[1] 28 U.S.C. §

---

[1] We have liberally construed Lowery's pro se pleadings, stopping short, however,

2254 habeas petition (his first) raising four claims: (1) excessive sentence; (2) insufficiency of the evidence supporting the first degree manslaughter conviction; (3) violation of double jeopardy; and (4) ineffective assistance of appellate counsel. The State moved to dismiss the petition as untimely. The district judge agreed.

He concluded Lowery's convictions became final on May 29, 1997, when the time to seek certiorari review in the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A) (stating one-year statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *see also* Rule 13.1, Rules of the United States Supreme Court (requiring certiorari petitions to be filed within 90 days after entry of judgment); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("[A] petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until—following a decision by the state court of last resort—after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." (quotation marks omitted)). The one-year statute of limitations began running the next day, May 30, 1997, and expired on May 30, 1998. Because May 30, 1998, was a Saturday, he had until June 1, 1998, in which to file his § 2254 petition. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011); *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003).

of serving as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

He eventually filed it, but 20 years too late.

Lowery nevertheless claimed his petition was timely for two reasons. First, he argued the limitations period did not begin to run until November 2016, when the Pardon and Parole Board's investigator rated him a low public safety risk. According to him, he could not have raised his excessive sentence claim challenging the sentencing court's calculation of his future dangerousness until he received this rating. *See* 28 U.S.C. § 2244(d)(1)(D) (stating the statute of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). Once he received it, he filed his state petition for post-conviction relief, which, according to him, tolled the limitations period until September 2017, when the OCCA affirmed the denial of his petition. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The judge saw it differently. He concluded § 2244(d)(1)(D) was not applicable because the factual predicate of his sentencing claim was known at the time of sentencing in 1995. He also decided statutory tolling under § 2244(d)(2) was unavailable because Lowery filed his state petition for post-conviction relief after the federal limitations period had already expired. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year [limitations period] will toll the statute of limitations.").

Second, Lowery claimed to be entitled to equitable tolling of the limitations period

based on actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."). According to him, because the shooting was accidental, the evidence was insufficient to support a <u>first degree</u> manslaughter conviction; as he would have it, the evidence supported only a <u>second degree</u> manslaughter conviction. Not only that, he claimed the Oklahoma courts were without jurisdiction because double jeopardy prevented him from being charged with both first degree manslaughter and felon in possession of a firearm as the former charge completely encompasses the latter and both offenses occurred simultaneously. The judge decided Lowery was not entitled to equitable tolling. To serve as a basis for equitable tolling of the limitations period, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quotation marks omitted). Lowery's claims fell within the latter category, the judge reasoned, because Lowery did not dispute he shot Edwards; he merely disagreed with the jury's verdict.

The judge denied a certificate of appealability (COA) so Lowery renews his request here. A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To obtain one, Lowery must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the judge's ruling rests on procedural grounds, he must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Lowery has not met his burden.

He insists his petition is timely but merely repeats the arguments he raised below. We have thoroughly reviewed the record, Lowery's COA application, and the judge's dismissal order. The judge's untimeliness decision is thorough and legally sound. Lowery also claims the judge never considered his actual innocence claim based on a double jeopardy violation. He is correct. But, like his actual innocence claim based on insufficiency of the evidence (which the judge did address), even a successful double jeopardy claim would show only legal innocence, not the factual innocence required to excuse the untimeliness of his petition. *See Steele v. Young*, 11 F.3d 1518, 1522 n.8 (10th Cir. 1993).

Because the result reached by the judge is not reasonably debatable, we **DENY** a COA and **DISMISS** this matter.


                                        **Entered by the Court:**



                                        **Terrence L. O'Brien**
                                        United States Circuit Judge