FILED
United States Court of Appeals
Tenth Circuit

April 7, 2026

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DARRIN LYNN PICKENS,

    Petitioner - Appellant,

v.

SCOTT TINSLEY, Interim Warden,

    Respondent - Appellee.

No. 25-5164
(Case No. 4:25-CV-00022-SEH-CDL)
(N.D. Okla.)

_____

**ORDER**

_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.

_____

Mr. Darrin Pickens sought federal habeas relief in district court, but the district court concluded that the petition was time-barred. Mr. Pickens wants to appeal, but he can do so only if a judge grants a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). We decline to issue the certificate and dismiss the matter.

To obtain a certificate of appealability, Mr. Pickens must show that the ruling on timeliness is reasonably debatable. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (holding that when the district court denies habeas relief based on timeliness, the court of appeals can issue a certificate of appealability only if the district court's ruling on timeliness

is at least reasonably debatable). In our view, the district court's ruling on timeliness is not reasonably debatable.

For this action, a one-year period of limitations governs. 28 U.S.C. § 2244(d)(1). This period starts when the judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). To determine when the conviction became final, we start with the date of the sentence: September 4, 2001. R. vol. 1, at 201. If Mr. Pickens had sought direct review, he would have needed to appeal by September 14, 2001. *See* Okla. Crim. App. R. 2.1(B). He didn't appeal, so his sentence became final on September 14, 2001. *See Ezell v. Allbaugh*, 777 F. App'x 271, 273–74 (10th Cir. 2019). The one-year period of limitations began on September 15, 2001, and expired on September 16, 2002. *See United States v. Hurst*, 322 F.3d 1256, 1260–62 (10th Cir. 2003).[1]

The limitations period can be tolled when the petitioner seeks collateral relief, 28 U.S.C. § 2244(d)(2), and Mr. Pickens requested collateral relief on April 21, 2008. By then, though, the limitations period had already run. So the request for collateral relief did not affect the limitations period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (holding that the limitations period is tolled by state petitions for

---

[1]    The one-year period ended on September 15, 2002. But this was a Sunday. So the limitations period was extended to Monday, September 16, 2002. *See* Fed. R. Civ. P. 6(a)(1)(C).

habeas relief only when they're filed within the one-year limitations period). So the limitations period ran uninterrupted and expired on September 16, 2002. Mr. Pickens missed that deadline by more than twenty years.

Mr. Pickens argues that (1) the state court lacked jurisdiction and (2) the prosecution withheld exculpatory evidence. But these arguments involve the merits rather than timeliness. Given the failure to file a timely habeas petition in federal district court, relief would remain unavailable even if Mr. Pickens had proven a lack of state-court jurisdiction or failure to disclose exculpatory evidence. *See Pacheco v. Habti*, 62 F.4th 1233, 1245 (10th Cir. 2023) ("When Congress enacted the limitations period in [28 U.S.C. § 2244(d)(2)], it discerned no reason to provide a blanket exception for jurisdictional claims.").

Mr. Pickens also argues actual innocence as a basis to avoid the time-bar. To support his claim of actual innocence, Mr. Pickens must present new evidence showing that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006) (cleaned up). Mr. Pickens didn't present such evidence; so we can't toll the limitations period based on actual innocence.

Because the district court's ruling on timeliness is not reasonably debatable, we deny Mr. Pickens' request for a certificate of appealability. And in the absence of a certificate, we dismiss the matter.

Entered for the Court


Robert E. Bacharach
Circuit Judge